UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE DEAN WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | )  No. 2:24-cv-00049-JPH-MG |
| RULE, | ) ) ) |
| Respondent. | ) ) |

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He is currently serving his sentence at the Federal Correctional Institution in Terre Haute, Indiana. He asserts that the Bureau of Prisons ("BOP") is wrongfully denying him time credits toward his sentence. For the reasons explained below, it appears that Petitioner is not entitled to relief, and he is ordered to **show cause** why his petition should not be dismissed.

### I. Screening of the Petition

The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4.

### II.  Legal Standard

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United*

*States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

### III. Discussion

Petitioner is serving a federal sentence. He filed this § 2241 petition challenging the BOP's failure to apply earned time credits toward his sentence. In support of his habeas petition, Petitioner contends that First Step Act of 2018 ("FSA") entitles him to time credits toward his sentence. Under the FSA, inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). Such credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house). 18 U.S.C. § 3624(g). Petitioner states that he has been earning 10 days of FSA time credits per month toward early release but that the warden has been refusing to apply the credits because he has not been assessed a low or minimum recidivism risk by the BOP. Dkt. 1.

Petitioner contends that the FSA does not require that inmates have a low or minimum recidivism risk before their earned time credits are applied to their sentences. But the FSA's language is clear that those credits cannot be applied toward a sentence unless the inmate has, among other things "demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B). Inmates who do not have a minimum or low recidivism risk are not eligible to have credits applied for early transfer to supervised

release. *Id.* § 3624(g)(1)(D)(ii). If they can demonstrate a recidivism risk reduction, they may be able to have the credits applied toward prerelease custody, but only if they successfully petition their warden. *Id.* § 3624(g)(1)(D)(i); *see also* BOP Program Statement 5410.01, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3624(d)(4), Section 10 (available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf). Petitioner is not low risk, dkt. 1 at 1, and there is no evidence that he has demonstrated a recidivism risk reduction or successfully petitioned his warden to have his credits applied. Thus, he is not eligible to have his FSA time credits applied to his sentence.

Because Petitioner has not shown that the failure to apply his earned time credits toward his sentence violates the FSA, he is not entitled to relief. *See Booker v. Williams*, No. 21-cv-215-JPG, 2022 WL 4314362, at *2 (S.D. Ill. 2022 Sept. 19, 2022) (a petitioner who has received a "high" recidivism risk assessment can have his time credits applied toward his sentence "if he achieves the necessary recidivism risk metrics").

## IV. Conclusion

Accordingly, on or before **April 5, 2024,** Petitioner shall show cause why his § 2241 petition should not be dismissed. In addition, on or before **April 5, 2024**, Petitioner shall pay the $5.00 filing fee for this case or file a motion for leave to proceed *in forma pauperis*. **Failure to respond to this Order will result in the dismissal of the habeas petition without further notice.**

**SO ORDERED.**

Date: 3/8/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE DEAN WHITE
47913-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL
INSTITUTION Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808