UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE DEAN WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-00049-JPH-MG |
| ) | |
| RULE, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING HABEAS PETITION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He is currently serving his sentence at the Federal Correctional Institution in Terre Haute, Indiana. He asserts that the Bureau of Prisons ("BOP") is wrongfully denying him time credits toward his sentence that he has earned under the First Step Act ("FSA"). Upon preliminary review of his petition, it appeared to the Court that Petitioner was statutorily ineligible to have the FSA time credits applied to his sentence. Accordingly, the Court ordered him to show cause why his habeas petition should not be dismissed. Dkt. 5 (citing 18 U.S.C. § 3624(g)). Petitioner responded. For the reasons explained below, the Petition is denied and Final Judgment shall enter.

As the Court previously explained, under the FSA, inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. See 18 U.S.C. § 3632(d). Such credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house). 18 U.S.C. § 3624(g). Petitioner states that he

has been earning 10 days of FSA time credits per month toward early release but that the warden has been refusing to apply the credits because he has not been assessed a low or minimum recidivism risk by the BOP. Dkt. 1.

Petitioner's response to the show cause order provides documentation reflecting that he has earned 135 days of FSA time credit towards pre-release custody, and 365 days of FSA time credit towards his early release. Dkt. 6 at 1. He provides evidence of his programming and argues that he's made a good faith effort to achieve a reduced recidivism risk score such that this earned time should be applied to his sentence. *Id.*

Petitioner's efforts to lower his risk score matter because FSA time credits cannot be applied toward a sentence unless the inmate has, among other things "demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B). Inmates (like Petitioner) who do not have a minimum or low recidivism risk are not eligible to have credits applied for early transfer to supervised release. *Id.* § 3624(g)(1)(D)(ii). If they can demonstrate a recidivism risk reduction, they may be able to have the credits applied toward prerelease custody, but only if they successfully petition their warden. *Id.* § 3624(g)(1)(D)(i); *see also* 28 C.F.R. § 523.44(c).

It is the BOP and not the Court that determines Petitioner's recidivism risk score. The FSA required the Attorney General to develop a "risk and needs assessment system" (referred to in the statute as "the System") to be used by the BOP to, among other things, determine the recidivism risk of all federal prisoners; classify prisoners as being at a minimum, low, medium, or high risk

2

of recidivism; place prisoners in appropriate evidence-based recidivism reduction programs or productive activities so that all prisoners have a meaningful opportunity to reduce their classification; and reassess the recidivism risk of each prisoner periodically. 18 U.S.C. § 3632(a)(1), (3), (4), and (5). In compliance with the Act's mandate to develop "the System," the BOP created and published the "Prisoner Assessment Tool Targeting Estimated Risk and Needs," a risk assessment tool, otherwise known as PATTERN. *See* BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, at Section 5.[1]

Petitioner disagrees with the BOP's conclusion that he is not a low or minimum recidivism risk, but he cannot challenge that conclusion in this habeas action because FSA time credits are contingent on numerous factors, including PATTERN scores; there is no statutory mandate that time credits be applied. Nor has Petitioner identified any error in the BOP's calculations; he simply disagrees with the creation of the System because it results in a conclusion that he is not low or minimum risk. While the Supreme Court has stated that state statute-mandated time credits create a liberty interest, *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Id.* The FSA time credit system is executed in accordance with regulations promulgated by the Bureau of Prisons in the Federal Register. *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) (to be codified at 28 CFR pts. 523, 541). As the Department of Justice has authority to

---

[1] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

establish regulations to implement the FSA in the Bureau of Prisons, usage of PATTERN as one of the factors considered in awarding of FSA time credits is reasonable. *See e.g., Parsons v. Pitzer*, 149 F.3d 734, 736 (7th Cir. 1998) (explaining that Congress vested discretionary authority with the BOP to determine an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B)). Thus, Petitioner has not shown any constitutionally protected liberty interest that is implicated when the BOP calculates a prisoner's PATTERN score and resulting recidivism risk level. Because Petitioner has not shown that the failure to apply his earned time credits toward his sentence violates the FSA or the Constitution, he is not entitled to relief. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated.).

In short, according to the BOP, Petitioner is not low or minimum risk and there is no evidence that he has successfully petitioned his warden to have his credits applied. Dkt. 1 at 1. Thus, he is not entitled to relief in this habeas action.

Because Petitioner has not shown that the failure to apply his earned time credits toward his sentence violates the FSA, or the constitution, he is not entitled to relief. Accordingly, his habeas petition under § 2241 is **dismissed with prejudice.** The motion for leave to proceed *in forma pauperis,* dkt. [5], is **denied.** Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 4/19/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE DEON WHITE
47913-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808